UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

PATRICK-JOSEPH GROULX and
CAROL JEAN GROULX,

    *Plaintiffs*,

v.

DOLLAR GENERAL CORPORATION,
et al,

    *Defendants*.
_____/

CASE NO. 21-cv-10811

DISTRICT JUDGE THOMAS L. LUDINGTON
MAGISTRATE JUDGE PATRICIA T. MORRIS

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION

**I.**     **RECOMMENDATION**

For the reasons set forth below, **IT IS RECOMMENDED** that the case be *sua sponte* **DISMISSED**.

**II.**     **REPORT**

    **A.**     **Introduction**

On March 29, 2021, Plaintiffs Patrick-Joseph Groulx and Carol Jean Groulx filed the instant *pro se* Complaint against 34 Defendants. (ECF No. 1). On April 13, 2021, U.S. District Judge Thomas L. Ludington referred all pretrial matters to the undersigned Magistrate Judge. (ECF No. 6.)

In their Complaint, Plaintiffs allege that "defendant is about to build a business where hazardous chemicals are deployed and where the general public will sustain injuries from the hazardous chemicals." (ECF No. 1, PageID.2.) Plaintiffs claims that Defendants have purchased 10 acres of land adjacent to and across from properties where "hazardous chemicals are

deployed" that have caused Plaintiffs health problems including "vomiting, severe diarrhea, thyroid being damaged now have AIDS." (*Id*.) Plaintiffs claim that "[i]f [Defendants] build[] a business [in this area] the medical issues that Plaintiff is suffering from will be the same problems or worse to the people that will frequent the establishment." (*Id*. at PageID.3.) Plaintiffs "demand an injunction against [Defendants] from building a business [in the area] that deploy hazardous chemicals . . . to prevent what has happened to Plaintiff[s] over the years[.]" (*Id*. at PageID.4.)

### B. Governing Law

This case is subject to screening under several provisions of the United State Code. Pursuant to 28 U.S.C. § 1915(e)(2), the Court is to *sua sponte* dismiss the case before service on defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See e.g. Johnson v. Gibson*, No. 20-3280, 2020 WL 5353293, at *2 (6th Cir. July 22, 2020) ("Under § 1915(e)(2)(B), the district court must screen and dismiss any complaint that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.").

When reviewing a complaint filed without the assistance of counsel, the court is required to liberally construe the complaint and hold it to a less stringent standard than a similar pleading drafted by an attorney. *Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hahn v. Star Bank*, 190 F.3d 708, 715 (6th Cir. 1999).

**C.    Analysis**

Because Plaintiffs lacks standing to bring suit, I suggest their case is not justiciable.[1]

The doctrine of standing helps ensure that federal jurisdiction extends only to "those disputes which are appropriately resolved through the judicial process." *Whitmore v. Arkansas*, 495 U.S. 149, 155 (1990). "Though some of its elements express merely prudential considerations that are part of judicial self-government, the core component of standing is an essential and unchanging part of the case-or-controversy requirement of Article III." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). At a minimum, "standing" entails that plaintiffs surpass three hurdles: (1) they must "have suffered an injury in fact—an invasion of a legally protected interest which is (a) concrete and particularized, . . . and (b) actual or imminent, not conjectural or hypothetical"; (2) a "causal connection between the injury and the conduct complained of" must exist; and (3) "it must be likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Id.* (internal quotation marks and citations omitted). The present case lacks all three hallmarks.

Plaintiffs do not allege that the building of certain businesses in a particular location has caused chemical exposure to the general public, only that he believes it will. Further, Plaintiffs appear to argue that they are not concerned about chemical exposure *themselves* from this new

---

[1] Though Plaintiffs' complaint also fails to state a claim for which relief can be granted, I rest my opinion on their lack of standing because, as the Supreme Court instructs, justiciability questions must be resolved before determining the existence of a cause of action. *See Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 94-95 (1998) ("The requirement that jurisdiction be established as a threshold matter 'spring[s] from the nature and limits of the judicial power of the United States' and is 'inflexible and without exception.'" (quoting *Mansfield, C. & L.M.R. Co. v. Swan*, 111 U.S. 379, 382 (1884))).

building, but rather that the "general public" will suffer. Plaintiffs do not specify a financial or any other interest they have in the property upon which they claim businesses will be built. And Plaintiffs do not specify a particularized harm that has happened, or to whom in particular this harm may happen. I also note that it is unclear from the Complaint precisely how a new business, unrelated to the existing businesses and properties in the area, but only built near property Plaintiffs claim caused them chemical exposure, would lead to even more chemical exposure. Any injury in fact here is "conjectural or hypothetical," and Plaintiffs have not established a causal connection between these new businesses and any harm Plaintiffs believe may happen to the general public as a result. *Lujan,* 504 U.S. at 560.

For these reasons, I recommend the Complaint be *sua sponte* dismissed.

### III. REVIEW

Pursuant to Rule 72(b)(2) of the Federal Rules of Civil Procedure, "[w]ithin 14 days after being served with a copy of the recommended disposition, a party may serve and file specific written objections to the proposed findings and recommendations. A party may respond to another party's objections within 14 days after being served with a copy." Fed. R. Civ. P. 72(b)(2); *see also* 28 U.S.C. § 636(b)(1). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn*, 474 U.S. 140 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505 (6th Cir. 1991); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981). The parties are advised that making some objections, but failing to raise others, will not preserve all the objections a party may have to this Report and Recommendation. *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Dakroub v.*

*Detroit Fed'n of Teachers Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this magistrate judge.

Any objections must be labeled as "Objection No. 1," "Objection No. 2," etc. Any objection must recite precisely the provision of this Report and Recommendation to which it pertains. Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity. Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d). The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

Date:  May 7, 2021                                         S/ PATRICIA T. MORRIS
                                                           Patricia T. Morris
                                                           United States Magistrate Judge